# UNITED STATES DISTRICT COURT
### for the
### Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 29 2024
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| JESUS RAFAEL DE LEON-ROBLES | ) Case No. |
| | ) 1:24-mj-111-BWR |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 28, 2024__ in the county of __Jackson__ in the __Southern__ District of __MS, Southern Division__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC §§ 922(g)(5)(A) & 924(a)(8) | Unlawful Possession of a Firearm by a Prohibited Person, Illegal Alien |

This criminal complaint is based on these facts:
See Affidavit, attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

_Complainant's signature_

Adam Slover, Task Force Officer, FBI
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 08/29/2024

_Judge's signature_

City and state: Gulfport, Mississippi

Bradley W. Rath, United States Magistrate Judge
_Printed name and title_

# AFFIDAVIT

STATE OF MISSISSIPPI )

COUNTY OF HARRISON :

SOUTHERN DISTRICT OF MISSISSIPPI )

A. **Background and Experience of Officer**

1. Affiant, Adam Slover, is employed with the Gautier Police Department and is assigned to the Federal Bureau of Investigation Safe Street's Task Force and as such is empowered under Title 21, United States Code, Section 878, to enforce Title 21 and Title 18 and other criminal laws of the United States. In that capacity, Task Force Officer (TFO) Slover has participated in and has conducted investigations of individuals who have smuggled, received, and distributed controlled substances, as well as the seizure of illegal drugs. Affiant has been involved in various types of surveillance, in the execution of search and arrest warrants, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of the distribution and transportation of controlled substances.

B. **Facts and Circumstances**

1. On or about August 28th 2024, in the early morning hours at approximately 0200 hours (2:00AM), South Mississippi Metro Enforcement Team (a multi-jurisdictional task force) interdiction officers Todd Holland and Scottie Byrd conducted a traffic stop on a commercial passenger bus (of the Tornado Bus Company of Atlanta, GA) for careless driving. Todd Holland is a U.S. Border Patrol Agent who also is deputized by the

Federal Bureau of Investigation and the Jackson County Sheriff's Department. Agent Holland has official U.S. Border Patrol training to be conversant in the Spanish language and was able to speak with the defendant in this case in the Spanish language. Scottie Byrd is an Officer of the Gautier Police Department who also is deputized by the Federal Bureau of Investigation and the Jackson County Sheriff's Department. Both agents had functioning body-cam and Byrd's patrol vehicle (in which both agents were traveling) was equipped with functioning dash-cam.

2. After a brief interaction with the commercial bus driver, the driver gave permission for Agent Holland (who also is a canine certified agent) to conduct a K9 sniff of the buss and opened the lower cargo storage bays. Agent Holland deployed his K9 to sniff around the bus. The K9 which is trained to alert on the odor of illegal narcotics, alerted on the bus.

3. Officers then began to question the bus occupants as to whether anyone had any illegal narcotics. As the agents queried the passengers, Agent Holland determined that defendant Jesus Rafael De Leon-Robles and the person sitting next to him, Edwin Rafael Ulloa-Grullon, seemed suspicious and appeared to be evasive in their answers to the Agent's questions. There was a duffle bag in the overhead compartment above these two men which neither they nor anyone else on the bus would claim as their own. After no one on the bus would claim the bag, Agent Holland opened the bag and found what later was determined to be about $208,924.00, wrapped in rubber bands. No one onboard the bus would claim the currency.

4. Additionally, agents found a bag in the storage bay of the bus (below the passenger compartment) containing a semi-automatic Smith and Wesson 9mm along with the

Mexican passport for defendant Jesus Rafael De Leon-Robles bearing his photograph. Further, Jesus Rafael De Leon-Robles claimed ownership of the firearm. On-site, De Leon-Robles was determined to be a citizen of Mexico who did not lawfully possess the firearm. After being mirandized, De Leon-Robles (who waived his Miranda Rights) said he purchased the firearm for $300 from an unknown black male in Lucedale, MS, whom he met on a construction work site where he had been working.

5. The firearm later was determined by Alcohol, Tobacco, Firearms and Explosives (ATF) SA Shane Lynes (an ATF Nexus certified agent) to have been manufactured outside of the State of Mississippi and therefore, to have traveled in and/or affected interstate and/or foreign commerce. Additionally, the firearm contained a loaded magazine with ammunition that the ATF also determined to have been manufactured outside of the State of Mississippi and therefore, to have traveled in and/or affected interstate and/or foreign commerce.

6. De Leon-Robles was brought back to the FBI office in Pascagoula for a Post-Miranda video recorded interview where he again claimed ownership of the firearm. It was confirmed that, although his Mexican Passport had been expired for several months, De Leon-Robles had entered the U.S. legally on a U.S. Border Crossing Document that allowed him to only travel within 25 miles of the U.S. Mexico Border – a fact that would be known to De Leon-Robles and is an important part of the terms of his Border Crossing Document. His status in the U.S. did not allow him to legally possess a firearm anywhere in the U.S. Further, his presence in Mississippi was unlawful since he was well over 25 miles from the U.S./Mexico Border (approximately 800 miles away from the border). De Leon-Robles admitted to knowingly being in the United

States in violation of his conditions for being in the U.S. and knowingly working without a proper work visa.

7. Based on the forgoing, your Affiant believes that probable cause exists showing that Jesus Rafael De Leon-Robles violated Title 18 U.S.C. § 922(g)(5)(A) by unlawfully possessing a firearm as a prohibited person, that is an Alien to the U.S. knowingly in violation of his status conditions and illegally present in the Southern District of Mississippi.

_____
Adam Slover, Task Force Officer
Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED BEFORE ME,
this the __29th__ day of August, 2024.

_____
Bradley W. Rath
United States Magistrate Judge